**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | |
|---|---|
| DANIEL KINATEDER, Individually and for Others Similarly Situated,<br><br>v.<br><br>THE KABLE GROUP, LLC | CASE NO. _____<br><br>FLSA COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT**

**SUMMARY**

1. Daniel Kinateder (Kinateder) brings this lawsuit to recover unpaid overtime wages and other damages from The Kable Group, LLC (Kable Group) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*.

2. Kinateder worked for Kable Group as an hourly employee.

3. Kinateder and the Putative Class Members (defined below) regularly work more than 40 hours a week.

4. But Kable Group does not pay them overtime.

5. Instead of paying overtime as required by the FLSA, Kable Group pays Kinateder and the other workers like him the same hourly rate for all hours worked, including those in excess of 40 hours in a single week (or, "straight time for overtime").

6. Kable Group never paid Kinateder or the Putative Class Members a guaranteed salary.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION AND VENUE**

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Kable Group's corporate headquarters is located in this District.

10. Specifically, Kable Group maintains its corporate headquarters in Cincinnati, Ohio.

### THE PARTIES

11. Kinateder has been an hourly employee of Kable Group since 2014.

12. Throughout his employment, Kable Group paid Kinateder the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek.

13. His written consent is attached as <u>Exhibit 1</u>.

14. Kinateder brings this action on behalf of himself and all other similarly situated workers who Kable Group paid straight time for overtime.

15. Kable Group paid each of these workers the same hourly rate for all hours worked, including those worked in excess of 40 hours in a single workweek in violation of the FLSA.

16. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All employees of Kable Group, Inc. who were paid "straight time for overtime" at any time during the past three years ("Putative Class Members").**

17. Kable Group, Inc. may be served with process by serving its registered agent: **Andrew R. Giannella, 7265 Kenwood Road, Suite 111, Cincinnati, Ohio 45236**.

### COVERAGE UNDER THE FLSA

18. At all relevant times, Kable Group was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Kable Group was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, Kable Group was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §

2

203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

21. At all relevant times, Kable Group has had an annual gross volume of sales made or business done of not less than $500,000.

22. At all relevant times, Kinateder and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

### THE FACTS

23. Kable Group provides staffing services to its clients across the country.[1]

24. Kinateder has worked for Kable Group since 2014.

25. Kinateder is an hourly employee of Kable Group.

26. Kinateder performs work under the job title of Project Manager.

27. As a Project Manager, Kinateder's job duties are to ensure construction projects for Kable Group's clients are timely and properly completed in accordance with Kable Group's clients' plans, policies, procedures, directives, and regulations.

28. Throughout his employment with Kable Group, Kable Group paid Kinateder the same hourly rate for all hours worked, including those in excess of 40 in a single workweek.

29. Specifically, Kable Group pays Kinateder approximately $69 for every hour he works, including those in excess of 40 in a week.

30. Kable Group pays Kinateder and the Putative Class Members under its straight time for overtime pay scheme.

---

[1] *See* https://www.kablestaffing.com/our-story/about-us/ (last visited November 6, 2020).

31. Kinateder and the Putative Class Members do not receive a guaranteed salary.

32. If Kinateder and the Putative Class Members worked fewer than 40 hours in a week, they were only paid for the hours worked.

33. Kinateder and the Putative Class Members regularly worked over 40 hours in a week.

34. In fact, Kinateder and the Putative Class Members regularly works 12-hour daily shifts, 5 days a week, for weeks at a time.

35. Kinateder's schedule is typical of the Putative Class Members.

36. Instead of paying overtime, Kable Group pays Kinateder and the Putative Class Members the same hourly rate for the hours he worked over 40 in a work week.

37. Kinateder and the Putative Class Members work in accordance with the schedule set by Kable Group and/or its clients.

38. The hours Kinateder and the Putative Class Members work are reflected in Kable Group's records.

39. Rather than receiving time and half as required by the FLSA, Kinateder and the Putative Class Members only received "straight time" pay for the hours they worked in excess of 40 in a workweek.

40. Kable Group's "straight time for overtime" payment scheme violates the FLSA because it deprives Kinateder and the Putative Class Members of overtime at a rate of 1 ½ their regular rates for the hours they work in excess of 40 hours in a single workweek.

41. Kable Group is aware, or should have been aware, that the FLSA requires it to pay Kinateder and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

42. Kable Group knew Kinateder and the Putative Class Members worked more than 40 hours a week.

43. Kable Group knew, or showed reckless disregard for whether, the Putative Class Members were entitled to overtime under the FLSA.

44. Nonetheless, Kable Group does not pay Kinateder and the Putative Class Members overtime as required by the FLSA.

45. Kable Group knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

46. The illegal "straight time for overtime" pay practice that Kable Group imposes on Kinateder is likewise imposed on the Putative Class Members.

47. Numerous individuals were victimized by Kable Group's pattern, practice, and policy which is in willful violation of the FLSA.

48. Numerous other individuals who worked with Kinateder indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

49. Based on his experiences and tenure with Kable Group, Kinateder is aware that Kable Group's illegal practices were imposed on the Putative Class Members.

50. The Putative Class Members were all not afforded overtime compensation when they worked in excess of 40 hours in a week.

51. Kable Group's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

52. Kinateder's experiences are therefore typical of the experiences of the Putative Class Members.

53. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

54. Kinateder has no interest contrary to, or in conflict with, the Putative Class Members.

55. Like each Putative Class Member, Kinateder has an interest in obtaining the unpaid overtime wages owed to him under federal law.

56. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

57. Absent this action, many Putative Class Members likely will not obtain redress of their injuries, and Kable Group will reap the unjust benefits of violating the FLSA.

58. Furthermore, even if some of the Putative Class Members could afford individual litigation against Kable Group, it would be unduly burdensome to the judicial system.

59. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

60. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members.

61. Among the common questions of law and fact are:

    a. Whether Kable Group's pay practices violate the FLSA;

    b. Whether Kable Group's decision to not pay time and a half for overtime to Kinateder and the Putative Class Members was made in good faith;

    c. Whether Kable Group's violation of the FLSA was willful; and

    d. Whether Kable Group's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

62. Kinateder's claims are typical of the claims of the Putative Class Members.

63. Kinateder and the Putative Class Members sustained damages arising out of Kable Group's illegal and uniform employment policy.

64. Kinateder knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

65. Even if the issue of damages were somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION
## FLSA VIOLATIONS

66. Kinateder brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

67. By failing to pay Kinateder and the Putative Class Members overtime at one-and-one-half times their regular rates, Kable Group violated the FLSA's overtime provisions.

68. Kable Group failed to guarantee Kinateder and the Putative Class Members a salary.

69. Kable Group failed to pay Kinateder and the Putative Class Members overtime at the rates required by the FLSA.

70. Instead, Kable Group paid Kinateder and the Putative Class Members straight time for overtime.

71. Kable Group owes Kinateder and the Putative Class Members the difference between the rate paid to them and the proper overtime rate for the hours they worked over 40 in a workweek.

72. Kable Group knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Kinateder and the Putative Class Members overtime compensation.

73. Kable Group' failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

74. Accordingly, Kinateder and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## JURY DEMAND

75. Kinateder demands a trial by jury.

## PRAYER

76. Kinateder prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Kinateder and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Kinateder and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Jason R. Bristol*
    **Jason R. Bristol** (0072989)
    **COHEN ROSENTHAL & KRAMER LLP**
    3208 Clinton Avenue
    Cleveland, Ohio 44113
    216-815-9500 – Telephone & Facsimile
    jbristol@crklaw.com

    **Michael A. Josephson***
    TX Bar No. 24014780
    **Andrew Dunlap***
    TX Bar No. 24078444
    **Taylor A. Jones***
    TX Bar No. 24108723
    **Melodie Arian***
    TX Bar No. 24119043
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    tjones@mybackwages.com
    marian@mybackwages.com
    *\*Pro Hac Vice Applications Forthcoming*

    **Richard J. (Rex) Burch***
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com
    *\*Pro Hac Vice Application Forthcoming*

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**